WILLIAM HERMANN, PLAINTIFF-RESPONDENT, v. INTEGRITY MORTGAGE COMPANY, DEFENDANT-APPELLANT.

Submitted February 19, 1934—Decided April 12, 1934.

For the plaintiff-respondent, *James B. Avis.*

For the defendant-appellant, *Ralph W. Wescott.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court. The case was tried before Judge Palmer, Circuit Court judge, and a jury at the Gloucester Circuit. The jury rendered a verdict in favor of the plaintiff and against the defendant in the sum of $2,627.28 and costs.

The action was for services claimed to have been performed by the plaintiff for the defendant below as office manager of its business at the rate of $75 a week for a period beginning June 29th, 1929, and ending May 31st, 1931, less such payments as had been made on account, which left a net balance of $2,425 together with interest thereon. The defendant claimed that in May, 1931, a new oral agreement was made between the parties to the effect that the plaintiff was to continue his services on a percentage basis and that in consideration of the new agreement the plaintiff released the defendant from all arrearages of wages to that date. The trial court submitted the case to the jury and the jury rendered a verdict as above stated. From the judgment entered thereon the defendant appeals here.

The only valid ground of appeal is that the court erred in charging the jury as follows: "The burden is upon the defendant to satisfy you by a fair preponderance of the believable testimony that the allegation as to the new agreement is as the defendant sets it up to be, namely that there was such a new agreement; that the plaintiff agreed to it and accepted it. If that be true, he would not be entitled

to recover for his back salary. If you are not satisfied by the fair preponderance of the testimony that such a new agreement was made and that it was accepted by the plaintiff, that he agreed to it, then, of course, it cannot succeed and the plaintiff would, under the testimony of this case, be entitled to a verdict. * * *

"* * * you must be satisfied by the weight of the testimony that the agreement was made between the parties and accepted by the plaintiff." Appellant argues, that by the charge above quoted, the minds of the jurors were confused because the judge had reversed the correct chronology of the facts, which appellant says were that the plaintiff had proposed the agreement and the defendant by its formal resolution had accepted it, but the plaintiff had refused to sign the agreement which carried out the proposal. Appellant says by reason of the above language the jury would believe that the defendant had proposed the new agreement to the plaintiff and that when an attempt was made to have the agreement confirmed in writing the jury would have interpreted the court's charge to mean a refusal to accept an offer of the defendant. We do not think the language of the court is to be so interpreted. What the court did in effect say to the jury and what the jury must have understood, was that the agreement referred to was a new agreement made subsequent to the one sued upon and that this new agreement which the defendant claimed had been made was advanced by it as a defense and that as such a defense it was necessary for the defendant to prove it and such proof must satisfy the jury by a fair preponderance of the believable testimony. The alleged new agreement, which the defendant claimed was made, was to the effect that the plaintiff agreed to take sixty per centum of the net profits as compensation in lieu of all salary to grow due and as part of such consideration to waive the salary which was then due him. Plaintiff admitted that such an agreement was made as far as future wages were concerned but denied that he waived the salary in arrears at the time of the making of the agreement. Appellant argues that according to the evidence the proposition of the new agreement

was made by the plaintiff to the defendant. There is doubt as to whether this is the fact. In fact there is testimony of defendant's witnesses to the contrary. Even though such be the case the court further stated in his charge at the defendant's request as follows: "In order for the defendant to prove that the plaintiff released all his claims for compensation, it is not necessary for the defendant to prove a written release or agreement for discharge of plaintiff's claims; an agreement by word of mouth is sufficient.

"I so charge you, subject to this, of course, that you must be satisfied by the weight of the testimony that the agreement was made between the parties and accepted by the plaintiff." The court further said: "You are, of course, judges of the facts in the case. What counsel may have said or what the court may say with regard to the testimony is not to be considered as binding upon you. You are to take only your recollection of those facts and apply them to this situation. The claim here is for services rendered, about which there is practically no dispute; a small dispute as to the amount that might be due; the defendant setting up as a defense a new agreement, and if you are satisfied by the testimony that the new agreement was made, then, of course, the plaintiff cannot recover. If you are not satisfied that it was made, by a fair preponderance of the believable testimony, then, of course, your verdict should be for the plaintiff for such amount as you find to be due under the original contract, with interest." We think, therefore, that the jury was not misled by the language of the court and that there was no harmful error in the charge.

For the reasons above stated the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS. DILL, JJ. 16.

*For reversal*—None.